IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STEPHANIE BEKENDAM, § | |
| TDCJ No. 2295662, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-00125-O-BP |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated September 21, 2020, the Honorable Rebecca Rutherford, United States Magistrate Judge, severed this habeas corpus case and ordered that it be assigned to another United States District Judge and United States Magistrate Judge. ECF No. 3. Judge Rutherford transferred the case to the Wichita Falls Division of the Court on October 8, 2020. ECF No. 12. The case was referred to the undersigned automatically pursuant to Special Order 3 on October 9, 2020. ECF No. 13.

Petitioner Stephanie Bekendam ("Bekendam"), an inmate who at the time of filing her habeas petition was confined in the Hobby Unit of the Texas Department of Criminal Justice ("TDCJ") in Marlin, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Bekendam's Petition for Writ of Habeas Corpus (ECF No. 4) as untimely, **DENY** her Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018 (ECF No. 37) because that act does not apply to the state-court

convictions at issue here, and **DENY** her Motion for Emergency Protection Orders (ECF No. 39) because she has not shown a basis for injunctive relief in this habeas corpus case.

I.     **FACTUAL BACKGROUND**

In her petition, Bekendam challenges the validity of her conviction for driving while intoxicated, felony repetition in case number 50,166-A, in the 30th District Court of Wichita County, Texas. ECF No. 4 at 2. On September 30, 2010, a jury found Bekendam guilty and sentenced her to twenty years in prison. *Id.* The Second Court of Appeals of Texas affirmed her conviction on March 21, 2013. ECF No. 43-1. The Texas Court of Criminal Appeals ("TCCA") granted discretionary review, affirmed the judgment of the appellate court, and ultimately denied rehearing on October 9, 2014. ECF No. 43-3. Bekendam did not file a petition for writ of certiorari in the Supreme Court of the United States.

On September 30, 2014, Bekendam filed an application for a state writ of habeas corpus in which she challenged the conviction. ECF No. 45-23 at 23. The TCCA denied the application without written order on December 17, 2014. ECF No. 45-20. On April 22, 2017, Bekendam filed a second application for a state writ of habeas corpus, which the TCCA dismissed on August 9, 2017 as a subsequent application. ECF Nos. 45-30 at 21 and 45-24.

On September 9, 2020, Bekendam filed the instant petition. ECF No. 4. In it, she seeks reversal of her conviction because (1) she is being held illegally as her signature was fraudulently used on loans by Larry Bekendam; (2) there was no warrant for her arrest; (3) her son was sold into sex trafficking and was never given proper medical care; (4) the prosecution committed misconduct because they accepted bribes that allowed for her son to be sold into sex trafficking under a guardianship scheme; (5) she was denied effective assistance of the court as the court appointed trial counsel "in excess punishment(s);" (6) her mail is not being properly sent by TDCJ officials; (7) she is not being given medication for spider bites; and (8) she is being denied access

2

to resources needed to help her son. *Id.* at 6-7, 12-41. As noted above, Judge Rutherford previously severed Bekendam's civil rights claims from her claims for habeas relief that are at issue in this case. *See* ECF No. 3.

## II.  ANALYSIS

### A.  The AEDPA limitations period bars Bekendam's claims regarding her underlying conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). In Texas, if a defendant

3

does not move for a new trial, she has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file a timely notice of appeal, her conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files a timely notice of appeal and the appellate court affirms, she has thirty days after the affirming court's judgment to file a petition for discretionary review ("PDR") with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, her conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, her conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, her conviction becomes final on the date the Supreme Court issues an order regarding her conviction. Once her conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)-(D) do not apply.

Bekendam's conviction became final on January 6, 2015, when the period for timely filing a petition for writ of certiorari with the Supreme Court expired. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. P. 26.2 (notice of appeal due thirty days after sentence imposed or appealable order entered or ninety days after sentence imposed if timely motion for new trial filed). AEDPA's one-year limitation period began running on the day Bekendam's conviction became final and ended on January 6, 2016. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here, as Bekendam does not assert a constitutional right recognized by the

Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1); *see also* ECF No. 4.

        1.     *Bekendam is not entitled to statutory tolling.*

AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

As noted above, Bekendam filed her first state habeas application on September 30, 2014, and the TCCA denied the application on December 17, 2014. Because the state habeas application was pending for seventy-nine days, Bekendam is entitled to seventy-nine days of tolling of the AEDPA limitation period. This extended the deadline for filing the instant petition to March 25, 2016. However, Bekendam did not file the instant federal habeas petition until September 9, 2020, over four years after the limitations period had expired.

Bekendam filed her second state habeas application on April 22, 2017. Because the limitation period for filing a federal habeas petition under AEDPA had long-since expired before she filed her second application, her filing in the TCCA did not extend the deadline for filing the instant petition.

        2.     *Bekendam is not entitled to equitable tolling.*

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v.*

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [a petitioner] must establish that (1) [s]he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in [her] way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citations omitted).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing [her] claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Bekendam does not argue that she pursued habeas relief with reasonable diligence, and the record does not reflect that she did so. Bekendam's status as a *pro se* litigant and ignorance of the law do not justify the application of equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000). Likewise, the passage of over four years from her conviction to the filing of the instant petition does not support equitable tolling. Moreover, Bekendam has not established that extraordinary circumstances prevented timely filing. The arguments in her petition do not address the time between the expiration of the AEDPA period and the date that she filed her federal habeas petition. *See* ECF No. 4. While Bekendam argues that she was prevented from timely filing because the fact that her son was allegedly trafficked into male prostitution was withheld from her until 2019, her claim is wholly conclusory, and she provided no specific evidence to support her claim. ECF No. 4 at 9. Moreover, even if true, this fact had no bearing on her right to seek a writ

6

of habeas corpus for her underlying conviction. Therefore, because Bekendam has not established the two elements required for equitable tolling, the Court should not apply that doctrine here.

### B. The Court should deny Bekendam's Motion for Reduction of Sentence under the First Step Act.

In her Motion, Bekendam seeks relief under the First Step Act relating to Cause Numbers 50166A/759A filed in the 30th Judicial District Court of Wichita County, Texas. *See* ECF No. 37 at 2-3. However, the First Step Act does not apply to convictions in state court for violations of state criminal statutes. As it relates to reduction of a criminal sentence, "the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, ___ U.S. ___, 140 S. Ct. 285 (2019). To be eligible for a sentence reduction, the defendant must have been convicted of a "covered offense"; the "sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act"; and the defendant "did not previously file a motion under the First Step Act that was denied on the merits." *Id.* at 416-17.

A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *United States v. Ramirez*, 834 F. App'x 904, 906 (5th Cir. 2020) (quoting Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222). Bekendam seeks reduction of a sentence imposed by the 30th Judicial District Court of Wichita County, Texas arising from conviction of a state law violation. By definition, Bekendam is not entitled to seek reduction in her sentence under the First Step Act since she was not convicted of a "covered offense" under the Act. Accordingly, Judge O'Connor should deny her Motion.

### C. Bekendam is not entitled to injunctive relief.

Bekendam's Motion for Emergency Protection Orders requests the Court to issue "Emergency Restraining Orders" on certain individuals for various wrongs allegedly committed against her and her son. *See* ECF No. 39 at 1-4. She does not specify the particular order that she requests or the actions of the individuals that she requests the Court enjoin. *Id.*

Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs,* 697 F.3d 279, 288 (5th Cir. 2012). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *Valley v. Rapides Parish Sch. Bd.,* 118 F.3d 1047, 1050 (5th Cir. 1997). The party seeking injunctive relief must clearly establish all of the four elements in order to obtain relief. *Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003).

Here, Plaintiff has neither alleged nor shown any of the required elements for the Court to issue injunctive relief. For this reason alone, the Court should deny Bekendam's Motion. In addition, however, the Court notes that it "may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws." *Hampton v. Underwood*, No. 3:18-cv-1499-S-BH, 2019 WL 284990, at * 2 (N.D. Tex. Jan. 8, 2019), *rec. adopted*, No. 3:18-cv-1499-S-BH, 2019 WL 284990 (N.D. Tex. Jan. 22, 2019) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 484-87 (1973)). Bekendam's complaints against private individuals and

her request that the Court restrain them from unspecified conduct do not arise from any claim that she is "in custody in violation of the Constitution or federal laws." As a result, her request for injunctive relief exceeds the Court's jurisdiction in this habeas corpus case and must be pursued, if at all, in another case in a court of appropriate jurisdiction. For all of these reasons, Judge O'Connor should deny Bekendam's Motion for emergency injunctive relief (ECF No. 39).

### III. CONCLUSION

Because Bekendam's challenge to her conviction is untimely and her motion for reduction in her sentence under the First Step Act fails as a matter of law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Bekendam's Petition for Writ of Habeas Corpus (ECF No. 4), **DENY** her Motion for Reduction of Sentence under the First Step Act (ECF No. 37), and **DENY** her Motion for Emergency Protection Orders (ECF No. 39).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 28, 2021.

                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE